**UNITED STATES of America,
Plaintiff,**

v.

**Artfaber SWAILS, Defendant.**

**No. 04CR6177L.**

United States District Court,
W.D. New York.

March 20, 2006.

Everardo A. Rodriguez, U.S. Attorney's Office, Rochester, NY, for Plaintiff.

Scott M. Green, Rochester, NY, for Defendant.

## *DECISION AND ORDER*

LARIMER, District Judge.

This Court referred all pretrial motions in this multi-defendant criminal case to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b). Defendant Artfaber Swails ("Swails") moved to suppress testimony concerning three photographic identification procedures used by law enforcement and also moved to suppress statements that he made to police on the day he was arrested, August 26, 2004. Magistrate Judge Feldman held a suppression hearing on the motions and, at that hearing, a third issue was raised, that is, whether defendant's proactive activities on the day of his arrest in an attempt to assist the police could be used as evidence in his trial.

Magistrate Judge Feldman issued a thorough Report and Recommendation recommending that Swails' motions to suppress be denied. He found that the photographic array was not impermissibly suggestive and that the procedures utilized by the police with several witnesses were proper. He recommended the motion to suppress be denied.

Magistrate Judge Feldman also recommended denial of the motion to suppress oral statements. Magistrate Judge Feldman found that some of the statements were made spontaneously and that the others were made after the police gave Swails the full panoply of *Miranda* warnings, which he waived. Finally, Magistrate Judge Feldman determined that Swails' efforts at proactive cooperation could be used against him at trial.

Swails, through counsel, duly filed an objection to Magistrate Judge Feldman's Report and Recommendation. Swails does not challenge Magistrate Judge Feldman's rulings concerning the admissibility of the photographic identification or the admissibility of his statements. The only objection raised is to Magistrate Judge Feldman's recommendation that evidence concerning Swails' efforts at cooperation on the day of his arrest was admissible.

I agree with Magistrate Judge Feldman that the challenged evidence is admissible. There is no evidence in the record of any coercion, threats or other intimidation to obtain Swails' cooperation. He freely attempted some cooperation to curry favor with the officers and attempt to mitigate his exposure. I find, as did Magistrate Judge Feldman, that the statements made during the proactive cooperation and the acts performed, once Swails had received full *Miranda* warnings may be utilized by the Government at the trial.

## CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Jonathan W. Feldman. I deny defendant Artfaber Swails' motion to suppress testimony and evidence concerning the photographic identification; I also deny Swails' motion to suppress oral statements made at the time of his arrest, and I also deny the motion to suppress the statements made by Swails and the evidence relating to his actions on the day of his arrest in connection with his attempt to cooperate.

IT IS SO ORDERED.